IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| DECKER COAL COMPANY,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA;<br>UNITED STATES<br>DEPARTMENT OF THE<br>INTERIOR; KEN SALAZAR, in<br>his official capacity as Secretary<br>of the Department of the Interior;<br>WALTER D. CRUICKSHANK, in<br>his official capacity as Acting<br>Director, Mineral Management<br>Service, Department of the<br>Interior,<br><br>        Defendants. | CV-09-26-BLG-RFC-CSO<br><br><br>FINDINGS AND<br>RECOMMENDATION<br>and ORDER |

## I. BACKGROUND

Plaintiff Decker Coal Company ("Decker") filed this action on

March 6, 2009, seeking judicial review of a January 5, 2009, decision of

the Interior Board of Land Appeals assessing coal royalty payments

against Decker.  On June 1, 2009, Defendants answered the complaint, contending that Decker should be denied all relief sought.  Court Doc. 10 at 13.

On June 19, 2009, the Court put in place a schedule for the parties to file motions or otherwise brief the merits of this administrative appeal.  Court Doc. 17.  Before the first such deadline, Defendants filed a "Stipulation to Vacatur and Request for Status Conference to Modify Briefing Schedule to Address Remand."  Court Doc. 20.  The document was not a stipulation between the parties but rather was in effect a motion to remand, although not so captioned.  It specifically requested the Court to modify the existing briefing schedule to address remand.  Id. at 8.  Defendants argued that vacatur and remand are appropriate because they "acknowledge that MMS and IBLA misapplied the regulations in assessing the value of the coal in the 2008 MMS Order and the 2009 IBLA decision."  Id. at 6.

After discussing this request with the parties, the Court agreed to Defendants' request to modify the briefing schedule to address the remand request.  Accordingly, upon the parties' agreement, the Court

ordered the parties to brief the issue of remand and put a schedule in

place to accomplish that purpose.  Court Doc. 24.  Decker timely filed its

Brief in Opposition to Motion to Remand on November 23, 2009.  Court

Doc. 26.  On December 7, 2009, Defendants timely filed a reply to

Decker's opposition to the requested remand.  Along with their reply,

however, Defendants also filed a Motion for Summary Judgment.

Decker has moved to strike the motion for summary judgment.

Accordingly, the following motions are now before the Court:  (1)

Defendants' Stipulation to Vacatur, which the parties now refer to as a

Motion to Remand (Court Doc. 20); (2) Defendants' Motion for Summary

Judgment (Court Doc. 27); and (3) Decker's Motion to Strike Motion for

Summary Judgment and Statement of Undisputed Facts (Court Doc.

28).

## II.  MOTION TO STRIKE MOTION FOR SUMMARY JUDGMENT

Decker argues that Defendants' Motion for Summary Judgment

should be stricken because it is not allowed under the current

Scheduling Order and because Defendants did not comply with Local

Rule 7.1(c)(1) which requires a movant to confer with other parties and

to state in the text of the motion whether any party objects to the motion.

Defendants' motion is actually a motion for partial summary judgment although it is captioned as a full summary judgment motion. They ask the Court to address the "narrow issue" of whether the MMS and IBLA acted arbitrarily and capriciously when they determined that the 1993 Decker-ComEd contract was non-arm's length. Court Doc. 27 at 2. Defendants explain that they seek a ruling on this "threshold issue" because Decker's opposition to remand challenges the MMS and IBLA determination that the Decker-ComEd contract was non-arm's length." Court Doc. 27-2 at 3. They continue to assert, however, that regardless of whether the contract is found to be non-arm's-length, remand is appropriate.

Fed. R. Civ. P. 16(a) permits the Court to establish control of proceedings so that a case will not be protracted or the proceedings wasteful. The Ninth Circuit has held that district courts have broad discretion in supervising the pretrial phase of litigation. Arakaki v. Lingle, 477 F.3d 1048, 1069 (9th Cir. 2007) (citing Johnson v. Mammoth

Recreations, Inc., 975 F.2d 604,607 (9th Cir. 1992)).  In Arakaki, the

court affirmed an order striking a motion for summary judgment where

the motion was untimely and "was not filed in the proper round of

summary judgment rounds, as scheduled by the district court in a

previous order."  Arakaki, 477 F.3d at 1069.

The Court will strike Defendants' motion for summary judgment

for the following reasons.  First, Defendants requested that the briefing

schedule on the merits issues be vacated until the remand issue was

addressed.  The Court agreed.  Now, without asking for an amendment

of the Court's current scheduling order, Defendants inject procedural

confusion by filing a piecemeal motion for summary judgment while also

continuing to request remand regardless of the ruling on the motion for

summary judgment.  This is wasteful and violates the scheduling order

which was adopted at Defendants' request.  It requests the Court to

permit Defendants to choose which merits issues it will reach prior to

remand and which it will not.  Either it is appropriate to remand, or the

case must proceed to an orderly decision on the issues framed by the

pleadings.

Second, as Decker notes, Defendants failed to comply with Local Rule 7.1(c)(1) which requires a movant to contact opposing parties and to state in the motion whether any party objects to the motion.  The summary judgment motion will be stricken.

III.  <u>MOTION TO REMAND</u>

    A.  <u>Parties' Arguments</u>

As set forth above, Defendants have stipulated to "vacatur of the IBLA decision and MMS Order at issue in this action."  Court Doc. 20 at 2.  They acknowledge "that MMS and IBLA misapplied the regulations" in assessing the value of the coal at issue.  <u>Id</u>. at 6.  In support of their argument that the case should now be remanded to MMS for further administrative proceedings, they argue that the Court unquestionably has authority to remand, and that remand is proper because it would allow MMS to reconsider its decision in light of this Court's intervening decision in <u>Decker Coal Company v. United States</u>, CV-07-126-BLG-RFC-CSO, Court Doc. 35 (Order Adopting Findings and Recommendation)  (hereafter "<u>Decker I</u>").

Decker opposes remand, arguing that it will serve no useful

-6-

purpose because the record is fully developed and there is no uncertainty as to the outcome.  Court Doc. 26 (Decker's Brief in Opposition to Motion to Remand) at 6-7.  In addition to the reasons addressed in <u>Decker I</u>, Decker argues that the IBLA Decision should be set aside because the MMS was required to utilize the contract price for royalty purposes because the contract was negotiated at arm's-length. Decker expresses concern that Defendants do not adequately explain what they intend to do on remand and surmises that remand will only allow Defendants to craft additional reasons "for its arbitrary and capricious decision."  <u>Id</u>. at 13.

B.  <u>Discussion</u>

As an initial matter, the Court addressees Decker's argument that this Court refused to remand <u>Decker I</u> to the MMS and should similarly refuse to remand here.  Court Doc. 26 at 2, 4, 7.  But it should be noted that Defendants did not argue for remand in <u>Decker I</u> until it filed its objections to the Findings and Recommendations of the Magistrate Judge.  See <u>Decker I</u>, Court Doc. 26.  In adopting the Findings and Recommendations, the Court did not comment on the tardy request for

remand.  See <u>Decker I</u>, Court Doc.  35.  Accordingly, that case offers scant instruction here.

The Ninth Circuit has held that, under the Administrative Procedure Act, 5 U.S.C. § 706(2), the normal remedy for an unlawful agency action is to "set aside" the action.  <u>Southeast Alaska Conservation Council v. U.S. Army Corps of Engineers</u>, 486 F.3d 638, 654-55 (9th Cir. 2007), rev'd on other grounds, <u>Coeur Alaska, Inc. v. Southeast Alaska Conservation Council</u>, 129 S.Ct. 2458 (2009).   A court should "'vacate the agency's action and remand to the agency to act in compliance with its statutory obligations.'" <u>Id.</u> (citing <u>Defenders of Wildlife v. EPA</u>, 420 F.3d 946, 978 (9th Cir. 2005), rev'd on other grounds, <u>National Ass'n of Home Builders v. Defenders of Wildlife</u>, 551 U.S. 644 (2007)).

As Defendants argue, the governing statute vests in the Secretary of Interior the discretion to determine royalty amounts.  See 30 U.S.C. § 207(a) ("A lease shall require payment of a royalty in such amount as the Secretary shall determine....).  Where a statute places decision-making discretion primarily in agency hands, courts should, generally

-8-

speaking, remand a case to the agency. "'[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" I.N.S. v. Orlando Ventura, 537 U.S. 12, 16 (2002) (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)). "A reviewing court is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." Florida Power & Light, 470 U.S. at 744.

Decker argues that this is one of the rare cases where remand is not required. It argues that remand is unwarranted and unnecessary because (1) Defendants have not explained what they intend to do on remand and (2) there is no uncertainty as to the outcome so remand would serve no useful purpose. As to the first point, the Court finds that Defendants have adequately stated the purpose of remand. They maintain that remand is the proper remedy because it would allow MMS to reconsider its decision requiring recalculation and payment of additional royalties in light of this Court's intervening decision in Decker I. Court Doc. 20 at 2. Because the statute vests this discretion

in the Secretary, remand for this purpose is appropriate.

Second, the Court cannot conclude that remand would serve no useful purpose.  As set forth in the cases cited above, where the agency seeks remand for reapplication of its regulations in light of this Court's prior rulings, this Court may not conduct a de novo inquiry into application of the regulations and reach its own conclusions.  By stipulating to vacatur of the challenged decisions, Defendants have already agreed to the primary relief Decker seeks in its Complaint ("Plaintiff prays that the Court enter judgment [to] set aside the IBLA Decision...").  Court Doc. 1 at 12.  Decker will not be unduly prejudiced by an Order setting aside the IBLA Decision and remanding for further administrative review in light of this Court's holding in <u>Decker I</u>.

## IV.  <u>CONCLUSION</u>

<u>ORDER</u>

For the reasons set forth above, IT IS HEREBY ORDERED:

(1) Defendants' Motion for Summary Judgment (Court Doc. 27) is STRICKEN.

(2) Decker's Motion to Strike (Court Doc. 28) is MOOT.

## FINDINGS AND RECOMMENDATIONS

Defendants' Stipulation to Vacatur (deemed a Motion to Remand) (Court Doc. 20) should be GRANTED.  The IBLA Decision dated January 5, 2009, should be VACATED.  This matter should be REMANDED to the MMS for further review and this case closed.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after receipt hereof, or objection is waived.

DATED this 23rd day of December, 2009.

/s/ Carolyn S. Ostby
United States Magistrate Judge