FILED
BILLINGS DIV.

2010 FEB 16 AM 10 26

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| DECKER COAL COMPANY, | CV-09-26-BLG-RFC |
| Plaintiff, | |
| vs. | |
| | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF THE INTERIOR; KEN SALAZAR, in his official capacity as Secretary of the Department of Interior; WALTER D. CRUICKSHANK, in his official capacity as Acting Director, Mineral Management Service, Department of the Interior, | |
| Defendants. | |

On December 23, 2009, United States Magistrate Judge Carolyn Ostby

1

entered Findings and Recommendation. Magistrate Judge Ostby recommends that Defendants' Stipulation to Vacatur (deemed a Motion to Remand) should be granted; the IBLA Decision dated January 5, 2009 should be vacated; and this matter should be remanded to the MMS for further review.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the December 23, 2009 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

The Ninth Circuit has held that, under the Administrative Procedure Act, 5 U.S.C. § 706(2), the normal remedy for an unlawful agency action is to "set aside" the action. *Southeast Alaska Conservation Council v. U.S. Army Corps of Engineers*, 486 F.3d 638, 654-55 (9th Cir. 2007), rev'd on other grounds, *Coeur Alaska, Inc. v. Southeast Alaska Conservation Council*, 129 S.Ct. 2458 (2009). A

court should "'vacate the agency's action and remand to the agency to act in compliance with its statutory obligations.'" Id. (citing *Defenders of Wildlife v. EPA*, 420 F.3d 946, 978 (9th Cir. 2005), rev'd on other grounds, *National Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644 (2007)).

The governing statute vests in the Secretary of Interior the discretion to determine royalty amounts. See 30 U.S.C. § 207(a) ("A lease shall require payment of a royalty in such amount as the Secretary shall determine...."). Where a statute places decision-making discretion primarily in agency hands, courts should, generally speaking, remand a case to the agency. "'[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). "A reviewing court is not generally empowered to conduct a de novo enquiry into the matter being reviewed and to reach its own conclusion based on such an inquiry." *Florida Power & Light*, 470 U.S. at 744.

Decker will not be unduly prejudiced by an Order setting aside the IBLA Decision and remanding for further administrative review in light of this Court's holding in *Decker I*.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Stipulation to Vacatur (deemed a Motion to Remand) [*doc. 20*] is **GRANTED**. The IBLA

3

Decision dated January 5, 2009 is **VACATED**. This case is **REMANDED** to the MMS for further review.

The Clerk of Court shall notify the parties of the entry of this Order and close this case.

DATED the 16th day of February, 2010.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE